IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DELOIS WARD                                                                                    PLAINTIFF

vs.                                           Civil No. 4:12-cv-04058

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

DeLois Ward ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her DIB application on May 14, 2009. (Tr. 11, 99-102). In her application, Plaintiff alleges being disabled due to spinal stenosis, arthritis of joints, high blood pressure, and fluid retention. (Tr. 116). Specifically, she alleges these impairments cause her the following limitations: "I can't stand very long at a time, I can't sit very long at a time and I can't walk very far at a time." *Id.* Plaintiff alleges an onset date of November 11, 2007. (Tr. 11, 99).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

This application was denied initially and again upon reconsideration. (Tr. 36-37).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 46-47, 55-60). Plaintiff's administrative hearing was held on January 20, 2011 in Texarkana, Arkansas. (Tr. 23-35). Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Jerry Hildre testified at this hearing. *Id.* During the administrative hearing in this matter, Plaintiff testified she was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (DIB). (Tr. 25). Plaintiff also testified she had obtained her GED. (Tr. 26).

On February 22, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 8-18). In this decision, the ALJ determined Plaintiff had last met the insured status requirements of the Act on March 31, 2009. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of November 11, 2007 through her date last insured of March 31, 2009. (Tr. 13, Finding 2). The ALJ determined Plaintiff's one "medically determinable impairment" was arthritis. (Tr. 13-14, Finding 3).

The ALJ, however, also determined that this impairment did not "significantly limit" her in her ability to perform basic work-related activities for twelve consecutive months. (Tr. 15-17, Finding 4). Based upon this finding, the ALJ determined Plaintiff did not suffer from a severe impairment or combination of impairments during the relevant time period. *Id.* Because he determined Plaintiff had not suffered from a severe impairment or combination of impairments during the relevant time period, he also found she had not been under a disability as defined in the Act at any time from November 11, 2007 (alleged onset date) through March 31, 2009 (date last

insured). (Tr. 18, Finding 5).

Thereafter, on March 8, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On May 1, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On June 1, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 13, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

3

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

Plaintiff raises the following three arguments for reversal: (1) the ALJ erred by failing to consider Listings 1.00Q and 1.00(B)(2)(b) and (d); (2) the ALJ erred in taking the state agency's medical examiners' opinions over those of her treating physician; and (3) the ALJ erred in

discrediting her non-exertional limitations, including her ability to stand, walk, and sit with her morbid obesity and her chronic back and knee pain. ECF No. 8 at 1-21. In response, Defendant argues that substantial evidence supports the ALJ's decision that Plaintiff does not have a severe impairment, Plaintiff did not meet her burden of establishing her impairments met or equaled the requirements of a Listing, the ALJ gave proper weight to the opinion of Plaintiff's treating physician, and the ALJ properly evaluated Plaintiff's credibility. ECF No. 9 at 1-12. Because the Court finds the ALJ erred in finding her back pain was a non-severe impairment, the Court will only address this argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment impacts the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff alleges she suffers from back pain that causes her to be unable

5

to work. (Tr. 26-28). Since her alleged onset date of November 11, 2007, Plaintiff has consistently received treatment for her back pain from the Free Christian Clinic in Nashville, Arkansas. (Tr. 184-203, 253-269). Although less consistently, Plaintiff has also received treatment for her back pain from Dr. Clay W. Ferguson, M.D. (Tr. 271-295). Plaintiff's insured status expired on March 31, 2009. (Tr. 13, Finding 1). One year after Plaintiff's insured status expired, Dr. Ferguson completed a questionnaire opining Plaintiff would be unable to perform even sedentary work with her limitations. (Tr. 248-251). On January 6, 2011, approximately two years after her insured status expired, Dr. Ferguson stated that Plaintiff had a "long hx [history] of spinal stenosis with pain." (Tr. 282). Presumably, this "long hx [history]" references back to at least 2009, a time prior to her insured status expiring. During this appointment in 2011, Dr. Ferguson also ordered an MRI of her lumbar spine. (Tr. 274). Even though this MRI was taken two years after her insured status expired, it reflects Plaintiff suffers from degenerative disc disease of her lumbar spine. *Id.*

     Despite this medical documentation, the ALJ still found Plaintiff's back pain was not a severe impairment. In making this determination, the ALJ entirely disregarded Plaintiff's treatment records from the Free Christian Clinic, the opinion of Dr. Ferguson, and Plaintiff's MRI results. Although a few of these records are dated during a time period after Plaintiff's insured status expired, the ALJ should have nevertheless assigned them some weight in determining whether she suffered from a severe impairment since they also reference her long history of back pain. Further, Plaintiff's case is not a situation where there are *no medical records* during the relevant time period (from her alleged onset date until her insured status expired). Indeed, Plaintiff consistently received treatment for back pain from Free Christian Clinic in Nashville, Arkansas from her alleged onset date forward. (Tr. 184-203, 253-269). Accordingly, the Court finds these records provide sufficient

6

evidence demonstrating Plaintiff's back pain satisfies the low or *de minimis* standard for establishing a severe impairment. Because the ALJ improperly determined Plaintiff's back pain was not supported by her medical records and was not severe, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of May 2013.**

/s/   Barry A. Bryant
　　　HON. BARRY A. BRYANT
　　　U.S. MAGISTRATE JUDGE